IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-705-BO-RJ

| | | |
|---|---|---|
| FLETA COUSIN-SABRA,<br><br>Plaintiff,<br><br>v.<br><br>OKE ANAKWENZE, MYRA TRIVELLAS, NEIL EWING, DUKE UNIVERSITY HOSPITAL, SMITH AND NEPHEW, INC., and JOHN DOE 1-10,<br><br>Defendants. | ) | ORDER |

This cause comes before the Court on defendants' motions to dismiss and motion to strike plaintiff's third amended complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for disposition. For the reasons that follow, plaintiff's claims arising under federal law are dismissed and the remainder of the case is remanded to Wake County Superior Court.

## BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action by filing a complaint in the Superior Court for Wake County, North Carolina on July 26, 2025. [DE 1-1]. Her claims arise out of a rotator cuff repair surgery that she underwent on August 11, 2022. *Id.* ¶¶ 16-140. Plaintiff alleged claims for medical malpractice – professional negligence, medical battery, products liability – manufacturing defect, civil kickback/unlawful renumeration in violation of North Carolina law, constructive fraud, and vicarious liability/respondeat superior. On August 25, 2025, plaintiff filed a first amended complaint, adding a claim for breach of fiduciary duty and corporate negligence. [DE 1-2]. Plaintiff subsequently filed a second amended and third amended complaint without

either seeking leave of court or the consent of defendants. In her third amended complaint, plaintiff added a claim under the federal False Claims Act, 31 U.S.C. §§ 3729-3722. On November 3, 2025, defendant Smith and Nephew, Inc. (S&N) removed the action from Wake County Superior Court on the basis of this Court's federal question jurisdiction. [DE 1]. The remaining defendants joined in removal. *Id.* ¶ 29. The instant motions followed.

## DISCUSSION

The Court considers first S&N's motion to dismiss the claims in the third amended complaint. [DE 29].[1] In its motion, S&N argues that, among other things, plaintiff's federal False Claims Act (False Claims Act) claim fails under Fed. R. Civ. P. 12(b)(6). The Court agrees.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

---

[1] Docket entry 29 is actually S&N's memorandum in support of its motion to dismiss, and docket entry 30 is its motion. The clerk is hereby DIRECTED to correct the docket text to reflect to appropriate filing.

570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts must give liberal construction to the allegations in a *pro se* complaint. *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). However, it appears that plaintiff is an attorney licensed to practice in the State of North Carolina. [DE 1-4] at 57. She is thus not entitled to liberal construction of her complaint. *Polidi v. Bannon*, 226 F. Supp. 3d 615, 617 n.1 (E.D. Va. 2016).

A *qui tam* action under the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, may not be prosecuted by a relator *pro se*. *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020). In the Court's view, the fact that plaintiff is an attorney does not change this result. *See United States ex rel. Dow v. HC2, Inc.*, No. CV 21-1197 (JDB), 2025 WL 3012714, at *1 (D.D.C. Oct. 27, 2025); *but see Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). Nonetheless, plaintiff has failed to comply with other procedural requirements under the False Claims Act.

Plaintiff argues in opposition, without citation, that she brings her False Claims Act claim as a "directly injured private plaintiff under § 3729(a)(1)(B)" and that nothing requires that she follow the procedural requirements for filing a False Claims Act claim. [DE 38] at 4. The Court is unaware of any authority which would support plaintiff's position. To the contrary, "[a] person who violates acts proscribed by Section 3729 is liable to the United States Government, not to private citizens." *Kubin v. Abode Servs. Agency*, No. 18-cv-00658-MEJ, 2018 U.S. Dist. LEXIS 21918, at *7 (N.D. Cal. Feb. 8, 2018); *see also Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 404 (2011) (False Claims Act authorizes suits by private parties "in the Government's name"). The False Claims Act permits private persons to institute actions under the Act, but such action must be brought in the name of the government, the complaint and a written disclosure of

material evidence must be served on the government, and the complaint must be filed *in camera* and remain under seal to permit the government an opportunity to elect to intervene. 31 U.S.C. § 3730(b)(1)-(2). There is no indication in the record that plaintiff has complied with these procedural requirements. Thus, even if plaintiff is permitted to bring her False Claims Act claim *pro se* because she is a licensed attorney, her False Claims Act claim is properly dismissed.

Plaintiff has further failed to plausibly allege a claim under § 3729(a)(1)(B). "[A] plaintiff bringing a claim under § 3729(a)(1)(B) must plausibly allege that a defendant made a false statement for the purpose of getting a false claim paid by the government." *United States ex rel. Branscome v. Blue Ridge Home Health Servs., Inc.*, No. 7:16CV00087, 2018 WL 1309734, at *4 (W.D. Va. Mar. 13, 2018). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for fraud or mistake, requiring a party to "state with particularity the circumstances constituting fraud or mistake[,]" but allowing state of mind to be pled generally. Fed R. Civ. P. 9(b). Courts generally refer to this as the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation and citation omitted). Plaintiff's allegations in support of her False Claims Act claim are conclusory and speculative, and fall far short of the pleading requirements. To the extent plaintiff relies on her affidavit filed in support of her opposition to the motion to dismiss to support her claims, a plaintiff may not amend her pleading through her opposition to a motion to dismiss. *See Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757 (D. Md. 2015). Plaintiff's False Claims Act claim is therefore dismissed as against all defendants.[2]

---

[2] Plaintiff requests leave to amend if the Court finds her False Claims Act allegations insufficiently pled. [DE 38] at 4. The Court finds no basis on which to grant leave to amend. Plaintiff has filed four complaints in this action to date. Moreover, she has failed to file a motion seeking leave to amend, nor has she filed a proposed amended complaint for the Court's consideration. Plaintiff's

Finally, it is not clear from plaintiff's allegations in her third amended complaint whether she merely cites to the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), or brings her fourth cause of action under both state and federal law. To the extent plaintiff attempts to bring a claim under the federal Anti-Kickback Statute, plaintiff lacks standing to do so as the statute does not provide for a private right of action. *See United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 193 n.4 (4th Cir. 2022) (despite lack of Fourth Circuit decision, courts agree that there is no private right of action under the Anti-Kickback Statute). In her opposition to the motion to dismiss, plaintiff appears to concede this issue. *See* [DE 38] at 3.

Plaintiff's claim or claims arising under federal law are therefore dismissed. Where, as here, the basis for its jurisdiction has dropped away, a court "may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025); *see also Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); 28 U.S.C. § 1367(c). As plaintiff's state law claims predominate her pleading and the case is in its early stages, the Court determines that remand to the state court is appropriate.

## CONCLUSION

Accordingly, Smith and Nephew's motion to dismiss plaintiff's third amended complaint [DE 30] is GRANTED IN PART. Plaintiff's claim under the federal False Claims Act as against all defendants is DISMISSED with prejudice. To the extent it has been alleged as a separate claim, plaintiff's claim under the federal Anti-Kickback Statute is also DISMISSED. The clerk is hereby DIRECTED to correct the docket text for [DE 29] and [DE 30] to reflect to appropriate filing.

---

informal request for leave to amend is denied. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474-75 (4th Cir. 2014).

As the causes of action which formed the basis for this Court's subject matter jurisdiction have been dismissed, the Court, in the exercise of its discretion, REMANDS this case to the Superior Court for Wake County, North Carolina. All remaining motions, as well as the remaining arguments in Smith and Nephew's motion to dismiss, are REMANDED for consideration by the state court.

SO ORDERED, this 15 day of September 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE